IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEHAN SEMPER,<br><br>             Plaintiff,<br><br>       vs.<br><br>HAWAII LIFE REAL ESTATE<br>SERVICES, LLC, DBA HAWAII<br>LIFE REAL ESTATE BROKERS;<br>JOHN REEDER; JEANNA RIMMER;<br>ROY VANDOORN; SAVIO REALTY<br>LTD; ALLAN B. KROLL;<br>JEANMARIE R. THEINE;<br>MACARTHUR & COMPANY INC, DBA<br>VENTURE SOTHEBY'S<br>INTERNATIONAL REALTY; KAREN<br>SCHNEIDER; HANNAH KEA<br>TRAINER; GEORGIA<br>CALLAWAY; HANK CORREA<br>REALTY, LLC; JOHN T. CORREA,<br><br>             Defendants. | Civ. No. 24-00211 HG-WRP |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DISMISS THE COMPLAINT WITH LEAVE TO AMEND (ECF NO. 34), AS MODIFIED**

**and**

**OVERRULING PLAINTIFF'S OBJECTION TO THE FINDINGS AND RECOMMENDATION (ECF NO. 38)**

**and**

**STRIKING PLAINTIFF'S NONCONFORMING PLEADINGS (ECF NOS. 36, 37)**

I.   PROCEDURAL HISTORY

On July 26, 2024, the Magistrate Judge issued a Findings and

1

Recommendation to (1) Grant Plaintiff's Application to Proceed Without Prepayment of Fees and (2) Dismiss the Complaint with Leave to Amend.  (ECF No. 34).

On July 27, 2024, Plaintiff Jehan Semper, proceeding pro se, filed a pleading styled as Plaintiff's First Affidavit Second Supplemental, Exh 1 Second Supplemental.  (ECF No. 36).

On July 29, 2024, Plaintiff filed an "Amended Complaint." (ECF No. 37).

On July 30, 2024, Plaintiff filed an Objection to the Magistrate Judge's Findings and Recommendation.  (ECF No. 38).

## II.   STANDARD OF REVIEW

A magistrate judge may be assigned to prepare findings and recommendations for a district judge to determine matters pending before the court. 28 U.S.C. § 636(b)(1)(B).

Any party may object to a magistrate judge's findings and recommendations.  28 U.S.C. § 636(b)(1)(C); Local Rule 74.1(a). If a party objects, the district court must review de novo those portions of the magistrate's findings and recommendations to which objection is made. United States v. Raddatz, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1)(C).  The portions to which Plaintiff does not object are reviewed for clear error. Stow v. Murashige, 288 F.Supp.2d 1122, 1127 (D. Haw. 2003).

The district court may accept, reject, or modify, in whole

or in part, the findings and recommendations made by the magistrate judge, or recommit the matter to the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

#### A. THE COURT ADOPTS THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF NO. 34), AS MODIFIED

The Court adopts the Magistrate Judge's Findings and Recommendation (ECF No. 34) to (1) Grant Plaintiff's Application to Proceed Without Prepayment of Fees and (2) Dismiss the Complaint with Leave to Amend, with the following **MODIFICATIONS**:

1. On page 8, line 2, **REPLACE** "See id. at 25" with "See id. at 24"

2. On page 11, line 13, **REPLACE** "See 42 U.S.C. § 3167" with "See 42 U.S.C. § 3617"

3. On page 12, line 14, **DELETE** "No." between "Valley Plantation Homeowners Ass'n," and "CIV. NO. 14-00254 HG, 2015 WL"

4. On page 13, **REPLACE** the citation at lines 14-16 with Lazarus v. Ouansafi, No. CV 21-00247-HG-RT, 2023 WL 6446422, at *4 (D. Haw. Oct. 3, 2023) (citing San Pedro Hotel Co. v. City of L.A., 159 F.3d 470, 477 (9th Cir. 1998)).

Plaintiff may file a First Amended Complaint by **Friday, November 1, 2024** that addresses the deficiencies identified in the Findings and Recommendation and this Order. (See ECF No. 34, pp. 3-14).

### B.     **PLAINTIFF'S OBJECTION IS OVERRULED**

Plaintiff objects to the Magistrate's Findings and Recommendation to (1) Grant Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs and (2) Dismiss the Complaint with Leave to Amend.  (ECF No. 38).

The Court construes Plaintiff's pro se filings liberally. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).  Pro se litigants, however, must follow the same rules of procedure that govern other litigants.  De Castro v. Yamasaki, No. CV 21-00273 HG-KJM, 2021 WL 6052271, at *3 (D. Haw. Dec. 21, 2021).

Plaintiff's Objection does not specifically designate the portions of the Findings and Recommendation to which Plaintiff objects or the basis of the objection as required by Local Rule 74.1.  The Objection restates that Plaintiff's Complaint has merit and that its dismissal "has the potential to cause duplication of effort, time waste and hardship."

Reviewing the Findings and Recommendation de novo, the Court finds that the Magistrate Judge's order clearly and correctly sets forth the applicable law and is soundly based.  Plaintiff's Objection is **OVERRULED.**

### C.     **PLAINTIFF'S NONCONFORMING PLEADINGS ARE STRICKEN**

On July 29, 2024, Plaintiff filed a document entitled "Amended Complaint" (ECF No. 37) three days after the Findings

4

and Recommendation was issued.

The Findings and Recommendation gave Plaintiff clear direction that any amended pleading must be complete in and of itself without reference to any prior pleading, and must contain all of Plaintiff's factual allegations and legal claims without reference to, or incorporating by reference, other documents. (ECF No. 34, pp. 4-5).  See LR10.4

Plaintiff's July 29, 2024 filing (ECF No. 37) refers to, and incorporates by reference, a confusing array of pleadings styled as:  Plaintiff's First Affidavit (ECF No. 24), Plaintiff's First Affidavit Supplemental (ECF No. 32), and Plaintiff's First Affidavit Second Supplemental (ECF No. 36).

Plaintiff's July 29, 2024 filing is in contravention of the court's order.  In addition, the filing does not cure the deficiencies identified in the Findings and Recommendation.  (ECF No. 34, pp. 10-14).  Plaintiff has not clarified which specific legal claims are being asserted against which of the 13 named Defendants.

Plaintiff's "Amended Complaint" (ECF No. 37) and Plaintiff's First Affidavit Second Supplemental (ECF No. 36) are **STRICKEN.**

### D.    **LEAVE TO FILE A FIRST AMENDED COMPLAINT**

If Plaintiff chooses to file an amended complaint, she must write short, plain statements telling the court: (1) the treaty,

5

constitutional right, or statutory right Plaintiff believes was violated; (2) the specific basis for this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant, by name or as a doe defendant. See Fed. R. Civ. P. 8(a), 8(d).

Plaintiff must title her filing, "First Amended Complaint." Plaintiff must also list separate causes of action for each alleged violation of law. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim.

Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court." LR10.4. The amended complaint must contain all of

Plaintiff's factual allegations and legal claims and cannot refer to or incorporate by reference other documents.

As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  In other words, if Plaintiff files an amended complaint, the original Complaint no longer serves any function in this case.  Any claims that have been dismissed with leave to amend and are not repled in the amended complaint will be considered waived.  See Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012) (holding "that a plaintiff waives all claims alleged in a dismissed complaint which are not realleged in an amended complaint" (citation and internal quotation marks omitted)).

Plaintiff may not arbitrarily file affidavits, evidence, supplements, or exhibits with the Court.  See Fed. R. Civ. P. 7.

The Court cautions Plaintiff that failure to file a First Amended Complaint in full conformance with the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the orders of this Court will result in the automatic dismissal of this action.

## CONCLUSION

It is hereby ordered and adjudged that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.1,

7

the Findings and Recommendation to (1) Grant Plaintiff's Application to Proceed Without Prepayment of Fees and (2) Dismiss the Complaint with Leave to Amend (ECF No. 34) is **ADOPTED, AS MODIFIED.**

Plaintiff's Objection to the Findings and Recommendation (ECF No. 38) is **OVERRULED.**

Plaintiff's "Amended Complaint" (ECF No. 37) and First Affidavit Second Supplemental (ECF No. 36) are **STRICKEN.**

Plaintiff may file a First Amended Complaint on or before **Friday, November 1, 2024.**  Failure to file a First Amended

//

//

//

//

//

//

//

Complaint in full conformance with the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the orders of this Court will result in the automatic dismissal of this action.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, September 17, 2024.

Helen Gillmor
United States District Judge

Jehan Semper v. Hawaii Life Real Estate Services, LLC, dba Hawaii Life Real Estate Brokers; John Reeder; Jeanna Rimmer; Roy Vandoorn; Savio Realty Ltd; Allan B. Kroll; Jeanmarie R. Theine; Macarthur & Company Inc, dba Venture Sotheby's International Realty; Karen Schneider; Hannah Kea Trainer; Georgia Callaway; Hank Correa Realty, LLC; John T. Correa; Civ. No. 24-00211 HG-WRP; **ORDER ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO (1) GRANT PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND (2) DISMISS THE COMPLAINT WITH LEAVE TO AMEND (ECF NO. 34), AS MODIFIED; OVERRULING PLAINTIFF'S OBJECTION TO THE FINDINGS AND RECOMMENDATION (ECF NO. 38); and STRIKING PLAINTIFF'S NONCONFORMING PLEADINGS (ECF NOS. 36, 37)**