IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEHAN SEMPER, | CIVIL NO. 24-00211 HG-WRP |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE |
| vs. | |
| HAWAII LIFE REAL ESTATE SERVICES, LLC DBA HAWAII LIFE REAL ESTATE BROKERS; JOHN REEDER; JEANNA RIMMER; ROY VANDOORN; SAVIO REALTY LTD; ALLAN B. KROLL; JEANMARIE R. THEINE; MACARTHUR & COMPANY INC DBA VENTURE SOTHEBY'S INTERNATIONAL REALTY; KAREN SCHNEIDER; HANNAH KEA TRAINER; GEORGIA CALLAWAY; HANK CORREA REALTY, LLC; JOHN T. CORREA, | |
| Defendants. | |

FINDINGS AND RECOMMENDATION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE

Before the Court is Plaintiff Jehan Semper's First Amended Complaint (FAC), filed on September 19, 2024. See FAC, ECF No. 42. After careful consideration of the record in this action, and the relevant legal authority,

the Court FINDS AND RECOMMENDS that the district court DISMISS the First Amended Complaint WITH PREJUDICE.[1]

BACKGROUND

On May 6, 2024, Plaintiff filed her original Complaint asserting various claims Defendants, including claims for "religious discrimination, harassment and retaliation" under the Fair Housing Act (FHA). See Compl., ECF No. 1. On June 12, 2024, the Court directed Plaintiff to file a new Application to Proceed Without Prepaying Fees that addressed certain deficiencies identified by the Court in her original Application. See Minute Order, ECF No. 30.

On July 26, 2024, this Court issued a Findings and Recommendation that the District Court Grant Plaintiff's Application to Proceed Without Prepaying Fees and Dismiss the Complaint with Leave to Amend (Findings and Recommendation). See Findings and Recommendation, ECF No. 34. In the Findings and Recommendation, the Court found that Plaintiff had failed to state a claim and detailed the factual allegations that Plaintiff needed to assert to state a sufficient claim under the FHA. See id. The Court recommended that the district court dismiss Plaintiff's Complaint and refer the screening of any amended

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

complaint to the undersigned. See id.

On July 29, 2024, before the district court had an opportunity to rule on the Findings and Recommendation, Plaintiff filed an Amended Complaint, ECF No. 37, and a document titled "First Affidavit Second Supplemental," ECF No. 36. Plaintiff also filed an Objection to the Findings and Recommendation on July 30, 2024, ECF No. 38.

On September 17, 2024, the district court issued an Order adopting as modified the Findings and Recommendation. See Order, ECF No. 41. In that Order, the district court determined that the Amended Complaint, ECF No. 37, did not cure the deficiencies identified in the Findings and Recommendation, and ordered that it and the document titled "First Affidavit Second Supplemental," ECF No. 36, be stricken from the record. See id. at 5, 8. The district court granted Plaintiff leave to file another amended complaint and stated that Plaintiff must "list separate causes of action for each alleged violation of law. Each cause of action should be supported by factual allegations, and not merely legal conclusions or a recitation of the legal elements for that particular claim." Id. at 6. The district court warned that "[i]f Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim." Id. Further, the court stated that any amended complaint "must contain all of Plaintiff's factual

3

allegations and legal claims and cannot refer to or incorporate by reference other documents." Id. at 6-7.  Finally, the district court stated that "Plaintiff may not arbitrarily file affidavits, evidence, supplements, or exhibits with the Court." Id. at 7 (citing Fed. R. Civ. P. 7).  The Court cautioned Plaintiff that "failure to file a First Amended Complaint in full conformance with the Federal Rules of Civil Procedure, the District of Hawaii Local Rules, and the orders of this Court will result in the automatic dismissal of this action." Id.

On September 19, 2024, Plaintiff filed a FAC.  See FAC, ECF No. 42.  Additionally, Plaintiff filed a document titled "Plaintiff's First Affidavit Second Supplemental, Exh 1 Second Supplemental," ECF No. 43, and another document titled "Plaintiff's Indigency and Health Affidavit," ECF No. 44.

## DISCUSSION

The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that Section 1915(e) "not only permits but requires" the court to dismiss a Section 1915(a) complaint that fails to state a claim (citation omitted));

Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curium) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Court must set aside the plaintiff's conclusory factual allegations, accept as true the plaintiff's non-conclusory factual allegations, and determine whether these allegations state a plausible claim for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 677-80 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). A complaint that lacks a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a claim. See UMG Recordings, Inc. v. Shelter Cap. Partners LLC, 718 F.3d 1006, 1014 (9th Cir. 2013). Because Plaintiff is appearing pro se in this action, the Court must construe her pleadings liberally, in the light most favorable to Plaintiff, and accept all non-conclusory allegations of material fact as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (stating that pleadings filed pro se "must be held to less stringent standards than formal pleadings drafted by lawyers"). Despite this liberal pleading standard, the Court may dismiss a complaint for failure to state a claim or failure to comply with Federal Rules of Civil Procedure Rule 8. See Omar v. Sea–Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987); Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P. 8.

### A. Plaintiff's Factual Allegations

As noted above, Plaintiff filed two documents in addition to the FAC: "Plaintiff's First Affidavit Second Supplemental, Exh 1 Second Supplemental," ECF No. 43; and "Plaintiff's Indigency and Health Affidavit," ECF No. 44. These filings ignore the district court's instruction to Plaintiff that she "may not arbitrarily file affidavits, evidence, supplements, or exhibits with the Court." Order, ECF No. 41, at 7 (citing Fed. R. Civ. P. 7). As the Court previously explained to Plaintiff, Local Rule 10.4 requires that an amended pleading be complete in and of itself without reference to any prior pleading. See LR10.4; see also Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("It is well-established in our circuit that an amended complaint supersedes the original, the latter being treated thereafter as non-existent." (citations and internal quotation marks omitted)). Accordingly, the Court will not consider the additional documents filed by Plaintiff in determining the sufficiency of the FAC.

Plaintiff names the following Defendants in the FAC: Hawaii Life Real Estate Services, LLC dba Hawaii Life Real Estate Brokers; John Reeder; Jeanna Rimmer; Roy Vandoorn; Savio Realty Ltd; Allan B. Kroll; Jeanmarie R. Theine; Macarthur & Company Inc dba Venture Sotheby's International Realty; Karen Schneider; Hannah "Kea" Trainer; Georgia Callaway; Hank Correa Realty, LLC; and John T. Correa. See FAC, ECF No. 42, at 3. For each of these

Defendants, Plaintiff lists under their names "Violations of 42 USC 3603, 3604, 3605, 3606 et seq." Id.

Under the FHA, it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The FHA also includes a specific subsection related to residential real estate transactions. Subsection 3605(a) provides that it is "unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Further, the FHA prohibits retaliation against a person who has engaged in a protected activity. See 42 U.S.C. § 3617.

1. **Discrimination under the FHA**

Discrimination claims under the FHA are analyzed in the same manner as claims under Title VII of the Civil Rights Act, which prohibits employment discrimination. See Gamble v. City of Escondido, 104 F.3d 300, 304 (9th Cir. 1997). A plaintiff may establish an FHA discrimination claim under a theory of disparate treatment or disparate impact. See id. at 304-05; see also

7

Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 711 (9th Cir. 2009). Here, Plaintiff makes a claim of "disparate treatment" under the FHA because she claims that Defendants treated her differently because of her religion. "To prevail on a claim of disparate treatment, a plaintiff must show that she qualified for protection under the FHA, that the defendant engaged in conduct prohibited by the FHA, and that the defendant's prohibited conduct was motived by discriminatory intent." Sanders v. SWS Hilltop, LLC, 309 F. Supp. 3d 877, 881 (D. Or. 2018) (citing Harris v. Itzhaki, 183 F.3d 1043, 1051 (9th Cir. 1999)).

In support of her "discrimination and harassment" claim, Plaintiff alleges that "all defendants discriminated against and harassed her, when they colluded, conspired and acted in concert against Plaintiff to make certain that no real estate agent would present nor accept Plaintiff's offer(s) to buy vacant land in Hawaii County that she could actually afford." FAC, ECF No. 42, at 4. Plaintiff alleges that she "visually, audibly and personally witnessed defendant Reeder and yet unnamed person(s) 'Elderly Man' at Kehau Rd talking about obstructing Plaintiff's effort to buy vacant land in her price range AND within the vicinity of her choice, Pahoa to Hilo." Id. Plaintiff alleges that after seeing properties with Defendant Reeder, "for which Reeder did NOT present Plaintiff's offer(s) and from which he 'resigned' as Plaintiff's agent, Plaintiff sought the assistance of real estate agents at no less than 3 additional agencies, defendants Venture Sotheby's,

Savio and Hank Correa." Id.  Plaintiff alleges that "no real estate agent would show Plaintiff any vacant land within her price range; nor would the real estate agents show Plaintiff any vacant land in the vicinity of her choice, Pahoa to Hilo; nor would the real estate agents present Plaintiff's offer(s) on any vacant land she chose, including vacant land in Ka'u, which was beyond her chosen Pahoa to Hilo vicinity and for which she offered the full asking price!" Id. at 5.  Plaintiff alleges "that the obstruction of which Reeder and Elderly Man spoke is exactly what Plaintiff experienced while making an effort to buy vacant land in Hawaii County by way of all defendants and their real estate agencies." Id.  Plaintiff alleges that "the obstruction was a colluded, conspired and deliberate act of discrimination and harassment on the basis of the fact that she is Jewish, a fact about Plaintiff which was made known to Reeder BEFORE the conversation Plaintiff witnessed between Reeder and Elderly Man at Kehau Rd which revealed the plan to discriminate against and harass Plaintiff by obstructing her buying of vacant land." Id.  Plaintiff alleges that "Reeder's knowledge of her Jewishness was the malicious inspiration for Reeder's conversation with Elderly Man at Kehau Rd about obstructing Plaintiff's effort to buy vacant land she can actually afford in Hawaii County." Id.  Plaintiff alleges that for "each and all experiences with each defendant, the real estate agents' unwillingness to present Plaintiff's offer(s) and unwillingness to accept Plaintiff's offer(s) was maliciously predicated on her Section Q

contingencies which Plaintiff plainly revealed as religious in nature and required." Id. Plaintiff alleges that "[i]n each and all experiences, with each and all agencies and agents, the obstruction, discrimination and harassment was the same and completely consistent with the obstruction, discrimination and harassment described within the conversation between Reeder and Elderly Man at Kehau Rd: no agent would show Plaintiff vacant land that Plaintiff could actually afford; and no agent would show vacant land in the vicinity of Plaintiff's choice, Pahoa to Hilo." Id. at 5-6. Plaintiff alleges that "[w]hen defendant Trainer communicated that she preferred to 'resign' as Plaintiff's agent rather than present Plaintiff's offer of the full asking price on Ka'u Pikake Ln vacant land . . . AND the listing agent, defendant J Correa, did NOT respond to Plaintiff's direct offer of the full asking price for Ka'u Pikake Ln . . . , Plaintiff became fully convinced the obstruction was deliberate and colluded, the agents had all conspired and agreed they would neither present Plaintiff's offer(s) nor accept Plaintiff's offer(s) on vacant land that she could actually afford!" Id. at 6.

        First, the FAC does not specify any acts committed by Defendants Hawaii Life Real Estate Services, LLC dba Hawaii Life Real Estate Brokers; Jeanna Rimmer; Roy Vandoorn; Allan B. Kroll; Jeanmarie R. Theine; Karen Schneider; or Georgia Callaway. See FAC, ECF No. 42. Instead, the FAC seeks to impermissibly group these Defendants into the general allegations of

discrimination and retaliation as to "all defendants." See id. Because the FAC does not contain any factual allegations as to conduct of these Defendants, the claims against these Defendants must fail. See Order, ECF No. 41, at 6 ("If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim."); see also Hicks v. Makaha Valley Plantation Homeowners Ass'n, CIV. NO. 14-00254 HG, 2015 WL 328311, at *5-6 (D. Haw. Jan. 26, 2015) ("Plaintiffs' Complaint must set forth factual allegations explaining how *each* Defendant allegedly violated the law. Plaintiffs' Complaint is dismissed, without prejudice, based on this ground alone.") (emphasis in original). As detailed in the district court's Order, any amended complaint was required to state "(3) the name of the defendant who violated that right; (4) exactly what that defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity that she names as a defendant, by name or as a doe defendant." Order, ECF No. 41, at 6 (citing Fed. R. Civ. P. 8(a), 8(d)). Because Plaintiff has failed to comply with the Court's prior order and the requirements of Federal Rule of Civil Procedure 8, the Court RECOMMENDS that all claims against Defendants Hawaii Life Real Estate Services, LLC dba Hawaii Life Real

Estate Brokers; Jeanna Rimmer; Roy Vandoorn; Allan B. Kroll; Jeanmarie R. Theine; Karen Schneider; and Georgia Callaway for discrimination under the FHA be DISMISSED.

Second, as to Defendant Reeder, Plaintiff alleges that she "visually, audibly and personally witnessed defendant Reeder and yet unnamed person(s) 'Elderly Man' at Kehau Rd talking about obstructing Plaintiff's effort to buy vacant land in her price range AND within the vicinity of her choice[.]"  FAC, ECF No. 42, at 4.  Plaintiff alleges that Defendant Reeder "did NOT present Plaintiff's offer(s)" and "resigned" as Plaintiff's agent.  Id.  Plaintiff alleges that Defendant Reeder knew that Plaintiff was Jewish "BEFORE the conversation Plaintiff witnessed between Reeder and Elderly Man at Kehau Rd which revealed the plan to discriminate against and harass Plaintiff by obstructing her buying of vacant land," and that Defendant Reeder's "knowledge of her Jewishness was the malicious inspiration for Reeder's conversation with Elderly Man at Kehau Rd about obstructing Plaintiff's effort to buy vacant land she can actually afford in Hawaii County."  See id. at 5.  The Court finds that Plaintiff has not sufficiently alleged that Defendant Reeder engaged in conduct prohibited by the FHA or that his conduct was motivated by discriminatory intent.  Although Plaintiff states that Defendant Reeder's "knowledge of her Jewishness was the malicious inspiration" for his actions, see id., Plaintiff's conclusory allegations of Defendant Reeder's

12

intent to discriminate in insufficient. While detailed factual allegations are not necessary, the plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action[.]" Twombly, 550 U.S. at 555. Plaintiff fails to provide any factual allegations that support a reasonable inference of discrimination based on her religion. Instead, the FAC repeatedly alleges in a conclusory manner that Defendants discriminated against her because she is Jewish. See FAC, ECF No. 42, at 8-9 (alleging that Plaintiff "is convinced that defendants stood in the way of Plaintiff's buying of the vacant land because she is Jewish, that the obstruction was certainly discrimination and boldly foretold within a conversation that she could easily hear between Reeder and Elderly Man at Kehau Rd . . . defendants hated her and thus drove her out!" and that Defendants "despised the fact that Jewish Plaintiff had the money and willingness to buy such modest vacant land; defendant's [sic] most certainly made known their preference to keep such modest vacant land for those they consider to be one of 'their own'"). The FAC does not contain any factual allegations to support Plaintiff's conclusory statement regarding Defendants' motives. As noted above, Plaintiff alleges that she heard Defendant Reeder "talking about obstructing Plaintiff's effort to buy vacant land in her price range AND within the vicinity of her choice[.]" See id. at 4. There are no facts alleged that would plausibly infer a discriminatory motive. Because the FAC does not contain any facts supporting the inference that religious

discrimination motivated the actions of Defendant Reeder, the Court RECOMMENDS that the claims for discrimination under the FHA against Defendant Reeder be DISMISSED.

Finally, as to Defendant Savio Realty Ltd, Defendant Macarthur & Company Inc dba Venture Sotheby's International Realty, and Defendant Hank Correa Realty, LLC, Plaintiff alleges in the FAC that she "sought the assistance of real estate agents" at these companies.  Id.  Plaintiff alleges that "no real estate agent would show Plaintiff any vacant land within her price range; nor would the real estate agents show Plaintiff any vacant land in the vicinity of her choice, Pahoa to Hilo; nor would the real estate agents present Plaintiff's offer(s) on any vacant land she chose, including vacant land in Ka'u, which was beyond her chosen Pahoa to Hilo vicinity and for which she offered the full asking price!"  Id. at 5.  As to Defendant Trainer and Defendant Correa, Plaintiff alleges that "[w]hen defendant Trainer communicated that she preferred to 'resign' as Plaintiff's agent rather than present Plaintiff's offer of the full asking price on Ka'u Pikake Ln vacant land . . . AND the listing agent, defendant J Correa, did NOT respond to Plaintiff's direct offer of the full asking price for Ka'u Pikake Ln . . . , Plaintiff became fully convinced the obstruction was deliberate and colluded, the agents had all conspired and agreed they would neither present Plaintiff's offer(s) nor accept Plaintiff's offer(s) on vacant land that she could actually afford!"  Id. at 6.  Plaintiff

alleges that "the real estate agents' unwillingness to present Plaintiff's offer(s) and unwillingness to accept Plaintiff's offer(s) was maliciously predicted on her Section Q contingencies which Plaintiff plainly revealed as religious in nature[.]" Id. at 5.  The Court finds that Plaintiff has not sufficiently alleged that these Defendants engaged in conduct prohibited by the FHA or that their conduct was motivated by discriminatory intent.  The Court finds that the conclusory allegations of Defendants' intent to discriminate in the FAC based on their knowledge that Plaintiff's Section Q contingencies were religious in nature are insufficient to state a plausible claim for discrimination under the FHA against these Defendants.  See Twombly, 550 U.S. at 555; see also Ting v. Adams & Assocs., Inc., 823 F. App'x 519, 522 (9th Cir. 2020) ("Mere recitation of an element—for example, membership in a protected class—does not suffice without some factual allegations suggesting [the defendant's] discriminatory intent.").  Because the FAC does not allege facts that support an inference that the conduct of these Defendants was motivated by religious discrimination, the Court RECOMMENDS that the claims against Defendant Savio Realty Ltd, Defendant Macarthur & Company Inc dba Venture Sotheby's International Realty, Defendant Hank Correa Realty, LLC, Defendant Trainer, and Defendant Correa for discrimination under the FHA be DISMISSED.

### 2. Retaliation under the FHA

The FHA forbids retaliation in response to a person having exercised a protected right.  See 42 U.S.C. § 3617.  To state a claim for retaliation, Plaintiff must plausibly allege "(1) that she was engaged in a protected activity; (2) that she suffered an adverse action in the form of coercion, intimidation, threats, or interference that was causally linked to the protected activity; (3) that she suffered some resulting damage as a result of the adverse action[.]"  Lazarus v. Ouansafi, No. CV 21-00247-HG-RT, 2023 WL 6446422, at *4 (D. Haw. Oct. 3, 2023) (citing San Pedro Hotel Co. v. City of L.A., 159 F.3d 470, 477 (9th Cir. 1998)).

In support of her "retaliation" claim, Plaintiff alleges that after she filed a complaint with the United States Department of Housing and Urban Development (HUD) "defendants exercised their influence with one or more HUD employees to obstruct aka 'stifle' HUD's handling of the complaint which expressed itself as inexcusable, inexplicable, unspeakable delay that was so farcical in nature that it seemed like a cruel joke[.]"  FAC, ECF No. 42, at 6.  Plaintiff alleges that although she filed her complaint in October 2022, HUD did not respond until June 2023.  See id. at 7.  Plaintiff responded to HUD's decision that same month but did not receive a response from HUD until March 2024.  See id.  Plaintiff alleges that the "stifling" of her HUD complaint "would aid and abet all defendants and thus all defendants are culpable."  Id.

First, Plaintiff's claim for retaliation does not contain any factual allegations regarding each Defendant's conduct.  See id. at 6-9.  Because the FAC does not contain any factual allegations as to the conduct of each Defendant related to Plaintiff's retaliation claims, the Court RECOMMENDS that the claims for retaliation under the FHA against all Defendants be DISMISSED.  See Order, ECF No. 41, at 6 ("If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury she suffered, the allegation against that defendant will be dismissed for failure to state a claim."); see also Hicks, 2015 WL 328311, at *5.

Second, even setting aside the FAC's failure to allege specific conduct for each Defendant, Plaintiff has not sufficiently alleged that she suffered an adverse action that was causally linked to a protected activity or that she has been harmed by any adverse action by Defendants in retaliation for her HUD filing.  Although Plaintiff alleges that she filed a complaint with HUD, which is a protected activity, the FAC does not contain any factual allegations regarding actions that Defendants took after Plaintiff filed her HUD complaint that could plausibly allege retaliation.  Plaintiff states that "[d]iscovery is required to ascertain the specifics of what, when and how the discriminatory, harassing and retaliatory acts were conspired and occurred; who did what and who said what to whom; and the depth and nature of each defendant's culpability including those

17

who stifled the HUD complaint." FAC, ECF No. 42, at 8-9. Although detailed factual allegations are not necessary at the pleading stage, see Twombly, 550 U.S. at 555, the FAC does not contain any allegations that Defendants took any action to interfere with Plaintiff's HUD complaint or otherwise retaliate against Plaintiff. Further, Plaintiff cannot rely on discovery to cure pleading deficiencies. See Whitaker v. Tesla Motors, Inc., 985 F.3d 1173, 1177 (9th Cir. 2021) ("Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery." (citing Twombly, 550 U.S. at 559)). Because the FAC does not contain any factual allegations that Defendants took any action to interfere with Plaintiff's HUD complaint or otherwise retaliate against Plaintiff, the Court RECOMMENDS that the claims for retaliation under the FHA against all Defendants be DISMISSED.

Based on the Court's review of the FAC, the Court concludes that the FAC fails to state claims upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez, 203 F.3d at 1127. Accordingly, the Court RECOMMENDS that the FAC be DISMISSED. Plaintiff has had three opportunities to sufficiently state a claim for relief. See Compl., ECF No. 1, Amended Compl., ECF No. 37, and FAC, ECF No. 42. Despite these multiple opportunities, Plaintiff has failed to plausibly state a claim for relief. Accordingly,

the Court RECOMMENDS that the FAC be DISMISSED WITH PREJUDICE. See Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim." (emphasis in original)).

## CONCLUSION

The Court FINDS and RECOMMENDS that the district court DISMISS Plaintiff's First Amended Complaint WITH PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 25, 2024.



Wes Reber Porter
United States Magistrate Judge

**SEMPER v. HAWAII LIFE REAL ESTATE SERVICES, LLC DBA HAWAII LIFE REAL ESTATE BROKERS, ET AL.; CIVIL NO. 24-00211 HG-WRP; FINDINGS AND RECOMMENDATION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE**